**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4164**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MOHAMAD YOUSSEF HAMMOUD, a/k/a Ali Abousaleh, a/k/a Ali Albousaleh,

                Defendant – Appellant.

_____

**No. 11-4346**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellant,

      v.

MOHAMAD YOUSSEF HAMMOUD, a/k/a Ali Abousaleh, a/k/a Ali Albousaleh,

                Defendant – Appellee.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:00-cr-00147-GCM-DSC-1)

_____

Argued: May 15, 2012           Decided: June 21, 2012

_____

Before DAVIS and KEENAN, Circuit Judges, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.

———————————

Affirmed by unpublished opinion. Judge Davis wrote the opinion, in which Judge Keenan and Judge Spencer joined.

———————————

**ARGUED:** Stanley L. Cohen, STANLEY COHEN & ASSOCIATES, LLC, New York, New York; James Patrick McLoughlin, Jr., MOORE & VAN ALLEN, PLLC, Charlotte, North Carolina, for Appellant/Cross-Appellee. David Alan Brown, Sr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee/Cross-Appellant. **ON BRIEF:** Christopher D. Tommlinson, MOORE & VAN ALLEN, PLLC, Charlotte, North Carolina, for Appellant/Cross-Appellee. Anne M. Tompkins, United States Attorney, Craig D. Randall, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee/Cross-Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

DAVIS, Circuit Judge:

Mohamad Youssef Hammoud ("Hammoud") was convicted of fourteen offenses following a jury trial.[1] He was sentenced under the then-mandatory Sentencing Guidelines to 155 years' imprisonment. After we affirmed the convictions and sentence, see United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (en banc), the Supreme Court vacated and remanded in light of United States v. Booker, 543 U.S. 220 (2005), see Hammoud v. United States, 543 U.S. 1097 (2005). On remand, we reinstated the portions of our prior opinion resolving Hammoud's challenges to his convictions and the calculation of the guidelines range and remanded for resentencing. See United States v. Hammoud, 405 F.3d 1034 (4th Cir. 2005). The district court conducted a

---

[1] Hammoud was convicted of the following offenses: marriage to evade a provision of the immigration laws (Count 1); false statements to Immigration and Naturalization Services (Count 2); conspiracy to ship, transport, receive, possess, sell, distribute and purchase contraband cigarettes (Count 35); conspiracy to commit money laundering (Count 36); ship, transport, receive, possess, sell and distribute contraband cigarettes and evade state taxes, and aiding and abetting the same (Counts 37 and 41); money laundering (Counts 43 and 49); conspiracy to use one or more counterfeit access devices and to use of one or more unauthorized access devices (Count 53); unlawful use of counterfeit access devices, and aiding and abetting the same (Count 54); use of unauthorized access devices, and aiding and abetting the same (Count 55); racketeering (Count 71); conspiracy to provide material support or resources to a designated foreign terrorist organization ("DFTO") (Count 72); and providing or attempting to provide material support or resources to a DFTO (Count 78).

resentencing hearing and granted a variance sentence of 30 years' imprisonment. Both parties appeal, challenging among other things the reasonableness of the sentence imposed. We affirm.

I.

In Hammoud's earlier appeal, we laid out the "largely undisputed" facts underlying this prosecution, which are unnecessary to repeat in any detail here. See Hammoud, 381 F.3d at 325-27. In that opinion, we rejected, inter alia, Hammoud's challenges to his convictions for providing, and conspiring to provide, material support to a DFTO and to the district court's application of U.S.S.G. § 3A1.4, the terrorism enhancement. We rejected Hammoud's contention that the preponderance standard should not apply to the application of § 3A1.4 because it "is 'a tail which wags the dog of the substantive offense.'" Id. at 354-55 (quoting McMillan v. Pennsylvania, 477 U.S. 79, 88 (1986)).

We also rejected his contentions that the district court should have applied U.S.S.G. § 2M5.3, the guideline applicable to violations of 18 U.S.C. § 2339B, and should not have applied § 3A1.4. Id. at 355-56. We stated, "Even assuming that the district court should have applied § 2M5.3, there was no error." Id. at 355 (footnote omitted). We held that "a defendant who has

4

been convicted of providing material support to [a DFTO] may be subject to the enhancement if the evidence establishes that he provided such support with the intent to influence or coerce government conduct," that the application of § 3A1.4 did not result in impermissible "double counting," and that the evidence presented at trial was sufficient to support application of the enhancement. Id. at 355-56. We affirmed the judgment of the district court in its entirety. Id. at 357.

Hammoud's base offense level was 46 (treated as 43, see U.S.S.G. Ch.5, Pt.A, cmt. n.2) and his criminal history category ("CHC") was VI. Id. at 327. "Because none of the offenses of conviction carried a statutory maximum of life imprisonment," for which the guidelines provided, "the district court imposed the maximum sentence on each count and ordered all sentences to be served consecutively." Id. (citing U.S.S.G. § 5G1.2(d)). We thus consider 155 years' imprisonment to be Hammoud's "advisory Guidelines range" for purposes of considering the extent of the variance. See United States v. Sarras, 575 F.3d 1191, 1208-09, 1219 (11th Cir. 2009) ("Because the statutory maximum was less than the total guidelines punishment of life imprisonment, § 5G1.2(d) of the guidelines called for the sentences for multiple counts to run consecutively as the advisory guidelines sentence.") (emphasis added).

After the Supreme Court vacated our decision and remanded for reconsideration in light of Booker, we reinstated the portions of our opinion resolving Hammoud's objections to his convictions and the calculation of his guidelines range, including the portion rejecting Hammoud's challenge to the terrorism enhancement. See Hammoud, 405 F.3d 1034. We remanded for resentencing under the advisory guidelines regime.

On remand, the district court declined to revisit its calculation of the guidelines or to consider any potential departures; instead, it limited resentencing to consideration of a potential variance under 18 U.S.C. § 3553(a). During resentencing, Hammoud introduced new evidence he urges that discredits the trial evidence on which the district court had relied when it imposed the original sentence, see Hammoud's Br. 15, including testimony from Robert Baer, a Hizballah expert and former CIA agent; Theresa Finocchio, a former business partner who also had a personal relationship with a witness who testified against Hammoud at trial; Lara Deeb, Ph.D., a professor who submitted a sworn statement introduced at the resentencing hearing with respect to Sayyid Fadlallah; and Sheikh Abbas Harake, an operational commander for Hizballah who submitted an affidavit introduced at the resentencing hearing. Hammoud also submitted a "compilation of approximately 168 cases involving material support of a DFTO, financial material

6

support, and virtually every other terrorism related case the Defense could find, including every reported U.S.S.G. §3A1.4 case." Id. at 27 (citing J.A. 5675-5778).

In response to the district court's request to provide evidence to refute Harake's affidavit, the Government presented evidence from FBI Special Agent David Yu, who testified under restriction that "Israeli Intelligence confirms that according to a reliable source Harake Abbas is a Hezbollah operational commander." J.A. 4758. Hammoud was given an opportunity to cross-examine the agent, but the district court did not require the agent to reveal "sources and methods" by which the information was provided. J.A. 4761, 4765. The Government thereafter submitted an affidavit from another FBI Special Agent confirming the same.

At the continued resentencing hearing, the district court heard from counsel as to what they believed to be an appropriate sentence and gave Hammoud a chance to allocute. The district court then imposed sentence. The district court explained that it was bound by the guidelines calculation, that it would consider the § 3553(a) factors as applied to Hammoud and that it would justify the chosen sentence to allow for meaningful appellate review. The district court then recited the facts it deemed most relevant to its decision, carefully examined the §

7

3553(a) factors and imposed a sentence of 30 years' imprisonment.

## II.

On appeal, Hammoud challenges the district court's application of the mandate rule, the admission of certain evidence at resentencing, and, ultimately, the reasonableness of the sentence imposed.[2] The Government cross-appeals, challenging

---

[2] We reject, as wholly meritless, Hammoud's request for resentencing, made in his reply brief, "due to the Government's use of arguments from outside the record." See Hammoud's Response & Reply Br. 30-31. Hammoud urges that "[t]he conduct of the Government in this case with respect to allegations that Hammoud attempted to assassinate a prosecutor or to destroy a federal building in order to destroy evidence infects the proceedings below with reversible error, and the Government has tried to repeat the tactic with this Court." Id. at 30. The Government sought to supplement the Joint Appendix "to include Government counsel's explanation in the district court that it was not the existence of [threats made by Hammoud] that was in doubt, but rather, the credibility of the corroborating witness," given "the mis-impression left by [Hammoud's] statements in his opening brief concerning the Government's decision not to call a cooperating informant to corroborate the evidence of the threats." Government's Reply Br. 10 (citing Hammoud's Br. 14, 44, 59). Furthermore, the district court stated, before and during the resentencing hearing, that it would not consider the evidence concerning the threats against the prosecutor and to destroy a government building. See J.A. 5251-52 ("In considering this matter, I have already noted that and would not consider that."); id. at 5315 (noting that "the government chose not to pursue the argument that [Hammoud] threatened a prosecutor and threatened to destroy evidence, based on the government's lack of credible evidence," and stating that "such arguments put forth in briefing have not been considered in this court's final decision").

8

the district court's sentence as substantively unreasonable. Upon our careful review of the entire record, we discern no error; accordingly, we affirm the judgment of the district court.

A.

Hammoud first argues that the mandate rule was misapplied and that this case falls within each of the exceptions to the mandate rule. Applying de novo review, we easily reject this contention. See Doe v. Chao, 511 F.3d 461, 464 (4th Cir. 2007) ("We review de novo whether a post-mandate judgment of the district court 'contravenes the mandate rule, or whether the mandate has been "scrupulously and fully carried out."'").

Generally, a lower court is "bound to carry the mandate of the upper court into execution and may not consider the questions which the mandate laid at rest." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (internal quotation marks and brackets omitted). The mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court" and "litigation of issues decided by the district court but foregone on appeal or otherwise waived." Id.[3]

_____

[3] "[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, (Continued)

The mandate rule does not apply where (1) there has been a "showing that controlling legal authority has changed dramatically"; (2) "significant new evidence, not earlier obtainable in the exercise of due diligence has come to light"; or (3) "a blatant error in the prior decision will, if uncorrected, result in a serious injustice." Id. at 67 (internal quotation marks and brackets omitted).

It is clear that when we reinstated the portions of our prior opinion resolving the calculation of Hammoud's guidelines range, most notably rejecting Hammoud's attacks on the standard of proof with respect to and application of the terrorism enhancement, we effectively limited resentencing to consideration of a variance sentence. See Hammoud, 405 F.3d 1034. Furthermore, none of the exceptions to the mandate rule apply here.

The Supreme Court decisions cited by Hammoud have not changed the law regarding the computation of his (now advisory) guidelines range. Nor, as Hammoud argues, was it impossible for the district court to address freshly the variance issue given the change in the law. In other words, the district court could be bound by our affirmance of the guidelines calculation and

entertaining 'any relevant evidence on that issue that it could have heard at the first hearing.'" Bell, 5 F.3d at 67.

10

adequately exercise its discretion to vary downward, if it thought a variance was warranted, in considering the newly presented evidence and the arguments of the parties.

Hammoud has likewise failed to demonstrate how the evidence he introduced at resentencing was originally unavailable in the exercise of due diligence. We find unavailing, as clarified at oral argument, that the historical context made certain evidence that "attacks directly the First PSR's conclusions," Hammoud's Br. 52, unavailable because it left counsel unable to find an expert who would testify in favor of Hammoud on the material support issue. Similarly, we find unavailing Hammoud's argument that impeachment evidence relevant to two witnesses who testified against Hammoud was unavailable because the district court cut off cross-examination as to one such witness and because there was no way to know that the other witness told a witness who testified at resentencing that he was lying. Finally, we are unpersuaded that, in light of this, the district court abused its discretion in continuing to rely on "unattributed statements by prosecutors and law enforcement agents" in the "First PSR without attribution of sources or verification permitting a court to evaluate their reliability," id.; in no way does this place Hammoud's case within the exception to the mandate rule.

11

Finally, we are not convinced that a "blatant error" in our prior decision will result in a serious injustice. In short, the district court did not err in adhering to the mandate and limiting resentencing to consideration of a variance sentence.[4]

B.

Hammoud next contends that the district court abused its discretion by admitting the testimony of Matthew Levitt, the Government's trial expert, and Special Agent Yu for

---

[4] We reject Hammoud's requests, scattered throughout his brief, to chastise the district court for failing to recalculate the guidelines sentence and relitigate issues laid to rest by our prior decision. See, e.g., Hammoud's Br. 53-54 ("The critical determination--that Hammoud acted with the intent required by U.S.S.G. §3A1.4--is not supported by the evidence."); id. at 60 ("Hammoud renews his argument that on these facts and in these circumstances, given the impact of §3A1.4 on the Guideline sentence, it is a violation of his Sixth, Fifth, and Fourteenth Amendment rights to make findings of fact in his sentencing by a preponderance of the evidence."); id. at 60-61 ("The district court abused its discretion in finding Hammoud's criminal history should be a category VI under U.S.S.G. §3A1.4."). The district court properly first, following our instructions, restated Hammoud's CHC and offense level and then considered whether a variance sentence was appropriate. The district court explicitly recognized its discretion to impose a variance sentence under § 3553(a) if it believed § 3A1.4 overrepresented the seriousness of Hammoud's past criminal conduct or likelihood that he would commit other crimes, but found that, based on the evidence it credited, the resulting criminal history level and enhancement should not change at the guidelines calculation stage. See J.A. 5312-13 ("The defendant's terrorism enhancement and resulting criminal history level will not change and should not be changed based on the evidence of his involvement with Hezbollah, his relative youth and thus time and ability to become a recidivist, and the fact that he never accepted responsibility and obstructed justice by testifying falsely at trial.").

12

resentencing. Specifically, he argues that the district court erred in considering Levitt's trial testimony during resentencing because new evidence undermined the accuracy of his testimony, and that the "failure to disclose material information about [his] bias and lack of expertise even if inadvertent[] is a second independent ground for exclusion." Hammoud's Br. 62. He also argues that admitting the testimony with the restriction of cross-examination of Levitt, and Yu regarding Harake, consisting of hearsay, "without disclosing sources," violated the Confrontation Clause and due process.[5] Id. at 62-63.

Having reviewed the briefs, the record and the applicable law, we reject Hammoud's arguments. See United States v. Brooks, 524 F.3d 549, 564 (4th Cir. 2008) (reviewing decision to admit evidence for sentencing purposes for an abuse of discretion). The district court was within its discretion to rely on Levitt's

---

[5] In his reply brief, Hammoud argues that the district court erred by permitting the Government to introduce "unsubstantiated," "inflammatory" and "prejudicial" evidence "pulled down from the internet," Hammoud's Response & Reply Br. 26-27, consisting of attachments to the Government's Response to Defendant's Request for a Variance Sentence. Hammoud takes issue with the district court's failure to make a ruling "about an applicable hearsay or other evidentiary exception" and to make a finding "that the evidence was reliable." Id. at 27. Even if not waived, we reject this argument. We are confident that the district court did not abuse its discretion; the attachments were sufficiently reliable to justify the district court's consideration of them.

13

testimony; we do not believe the new evidence or Levitt's alleged bias or lack of expertise has so undermined his trial testimony as to make it unreliable on due process grounds or under the guidelines. Furthermore, admitting this testimony despite restricting cross-examination neither violated the Confrontation Clause, see United States v. Powell, 650 F.3d 388, 393-94 (4th Cir. 2011) (holding that the "Confrontation Clause does not apply at sentencing" and affirming district court's reliance on hearsay evidence found within presentence report to support imposition of enhanced sentence), nor due process, see id. at 394 (holding that hearsay evidence admitted without cross-examination can be reliable enough for use at sentencing). In sum, we are confident that the disputed evidence was reliable and that the district court did not abuse its discretion in considering it during resentencing.

C.

Finally, we consider and reject the parties' arguments challenging the reasonableness of the sentence. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) ("[A]ppellate courts examine sentencing determinations under an

abuse-of-discretion standard, which translates to review for 'reasonableness.'").[6]

Hammoud raises three primary challenges to his sentence. He attacks the 30 year sentence as unreasonable because it is disproportionately high by comparison to any comparable § 2339B or terrorism cases, to the statutory penalty for material support and to the policies underlying U.S.S.G. §§ 2M5.3 and 3A1.4, and because it is constitutionally disproportionate. He also contends that consideration of the factors in § 3553(a)(1) through (a)(4) establishes that the 30 year sentence is an abuse of discretion, particularly because the nature and circumstances of the offense do not justify a 30 year sentence and the "alleged Hezbollah connection" is not a ground upon which to impose a 30 year sentence. Hammoud's Br. 57. Finally, Hammoud contends that the district court erred by finding that his criminal history category was VI under § 3A1.4, pointing to § 3553(a)(1).

The Government cross-appeals and argues that the district court abused its discretion "by granting a major downward variance without providing a legitimate and 'sufficiently

_____

[6] We are mindful that when considering the reasonableness of a sentence, a district court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

15

compelling' justification for doing so." Government's Br. 27. Specifically, the Government argues that the district court arbitrarily imposed a sentence without giving meaningful consideration to § 3553(a), that the district court erred in its application of § 3553(a)(6) by relying on a comparison of defendants not similarly situated, and that none of the "purported" variance justifications "are sufficiently compelling to overcome the court's misapplication of § 3553(a)(6)." Id. at 28.

We understand these challenges primarily to sound in substantive reasonableness because they attack the length of the sentence under the § 3553(a) factors rather than the methods used in reaching the sentence. In any event, the district court clearly did not procedurally err. The district court followed the sentencing methodology we have previously laid out. The district court used the guidelines calculation we affirmed as a starting point, gave the parties an opportunity to argue for what they believed was an appropriate sentence, carefully and thoughtfully considered the § 3553(a) factors, made an individualized assessment based on the facts, and adequately explained the sentence.

Having found no significant procedural error, we must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether

16

the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Mendoza-Mendoza, 597 F.3d at 216. We "may consider the extent of the deviation" from the guidelines range but "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "Although the district court's justification for the sentence must support the degree of the variance, and a major departure should be supported by a more significant justification than a minor one, . . . a district court need not justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." Id. (internal quotation marks and brackets omitted) (quoting United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008)); see also Abu Ali, 528 F.3d at 261 ("As the Supreme Court observed in Gall, when determining whether the district court's proffered justification for imposing a non-guidelines sentence 'is sufficiently compelling to support the degree of the variance,' common sense dictates that 'a major departure should be supported by a more significant justification than a minor one.'").

Finding the parties' arguments lacking in merit, we affirm the district court's variance sentence of 30 years'

17

imprisonment. While certainly substantial, the variance incorporated into the district court's sentence does not constitute an abuse of discretion. The district court carefully considered how the § 3553(a) factors applied to Hammoud (not merely reciting the statutory language) and adequately explained its decision, as evidenced by its nine-page sentencing memorandum. Considering the totality of the circumstances, the district court's several justifications provided in its analysis of § 3553(a) are sufficiently compelling to support the variance in this case.[7]

The district court carefully considered the § 3553(a) factors in justifying its variance sentence. Under § 3553(a)(1),

---

[7] We reject both parties' contentions that the district court erred by imposing an arbitrary sentence, as evidenced by its "predetermination of the sentence," Government's Br. 27, and its statement that it intended to rely on the statutory maximum of only two counts of conviction. By drafting the sentencing memorandum before the sentencing hearing, the district court permissibly considered the parties' briefing in advance of the hearing and undertook to adequately prepare itself for a difficult resentencing. Good judges routinely follow such a practice. Moreover, the district court made clerical errors when it issued the sentencing memorandum dated the day before the last day of the hearing that we do not find fatal to an otherwise thorough analysis. Furthermore, while we certainly do not endorse any approach to the variance determination that "substitut[es] statutory maximums" for an analysis of § 3553(a), Hammoud's Br. 55, the district court's well-reasoned analysis demonstrates that it did not use such a shortcut here. The court's statements instead reflect the court's quite understandable struggle to reach a sentence "sufficient, but not greater than necessary," to comply with the sentencing purposes, see 18 U.S.C. § 3553(a), in a particularly challenging case.

18

the district court appropriately weighed in favor of Hammoud that he had "no prior criminal convictions," that "[t]he crimes of which he was convicted were not crimes of violence or conspiracies to commit violence" and that the "crimes had no identifiable victim." J.A. 5312. Indeed, the district court recognized its discretion to depart or vary downward if it believed § 3A1.4 "overrepresent[ed] the seriousness of [Hammoud's] past criminal conduct or the likelihood that [Hammoud] will commit other crimes," but the district court found that the terrorism enhancement and resulting criminal history level "will not change and should not be changed based on the evidence of his involvement with Hezbollah, his relative youth and thus time and ability to become a recidivist, and the fact that he never accepted responsibility and obstructed justice by testifying falsely at trial."[8] J.A. 5312-13. In other words, the district court, thoroughly familiar with Hammoud's

---

[8] We reject Hammoud's argument that the district court erred by ignoring Hammoud's allocution. In making the above finding, the district court was presumably referring to Hammoud's guidelines calculations--i.e., he received an adjustment for obstruction of justice and did not receive an adjustment for acceptance of responsibility. Furthermore, Hammoud has not demonstrated that the district court abused its discretion by "ignoring" Hammoud's allocution here. See Hammoud's Br. 32-33; Hammoud's Response & Reply Br. 20-21 (citing United States v. Muhammad, 478 F.3d 247 (4th Cir. 2007), in which we recognized plain error where defendant was not given the opportunity to allocute at his resentencing hearing).

case, recognized its discretion but apparently (albeit implicitly) considered and credited the trial evidence over the sentencing evidence as it was entitled to do in reaching this conclusion.[9]

The district court also thoroughly considered other § 3553(a) factors: (1) "the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment," balancing "the seriousness of any terrorism offense" with "the lack of violence here," J.A. 5313-14; see 18 U.S.C. § 3553(a)(2)(A); (2) "the need for the sentence imposed to afford adequate deterrence to criminal conduct," balancing Hammoud's age, his potential risk of recidivism in light of his "almost certain[]" deportation upon release from prison, and "legislative intent" reflected in the terrorism enhancement,

---

[9] For the same reasons, we reject Hammoud's arguments that the district court abused its discretion in not crediting certain resentencing evidence. See, e.g., Hammoud's Br. 44 ("The court did not address the evidence presented by the Defense that a number of other statements in the First PSR not based on the jury verdict or evidence presented and rebutted at sentencing were inaccurate."); id. at 57 ("There is insufficient evidence to support a finding that Hammoud intended to promote any 'crime of terrorism' or that he intended any donation to coerce or intimidate or influence a Government, populace, or an organization."); id. at 57 ("The alleged Hezbollah connection is not a ground upon which to impose a 30 year sentence under Section 3553."). The district court was entitled to credit evidence introduced at trial rather than that introduced at resentencing in reaching its conclusion.

J.A. 5314; see 18 U.S.C. § 3553(a)(2)(B);[10] (3) "the need for the sentence imposed to protect the public from further crimes of the defendant," considering that Hizballah is a DFTO and that Hammoud "had ties to the organization, even if his [individual, actual] activities were nonviolent," J.A. 5314; see 18 U.S.C. § 3553(a)(2)(C); (4) "the kinds of sentence and the range established for the applicable category of offense committed by the applicable category of the defendant," recognizing that the

---

[10] The district court did not, as Hammoud argues, clearly err in reaching its recidivism conclusions. The district court in two places considered Hammoud's youth in light of the "reasoning" and "legislative intent" reflected in the terrorism enhancement. See J.A. 5312-13 ("[T]he likelihood of a terrorist being a repeat offender is the reasoning behind an increased criminal history level, not the prior offenses. . . . The defendant's terrorism enhancement and resulting criminal history level will not change and should not be changed based on the evidence of his involvement with Hezbollah, his relative youth and thus time and ability to become a recidivist, and the fact that he never accepted responsibility and obstructed justice by testifying falsely at trial." (citing United States v. Meskini, 319 F.3d 88, 92 (2d Cir. 2003), which stated, "Congress and the Sentencing Commission had a rational basis for creating a uniform criminal history category for all terrorists under § 3A1.4(b), because even terrorists with no prior criminal behavior are unique among criminals in the likelihood of recidivism, the difficulty of rehabilitation, and the need for incapacitation.")); id. at 5314 ("Hammoud is young enough to continue to pose a threat. Congress has indicated a legislative intent, through the terrorism enhancement, to treat terrorism as more difficult to deter, hence the higher criminal history."). The district court noted, specifically with respect to § 3553(a)(2)(B), that Hammoud's "almost certain[]" deportation following his release from prison lowered his risk of recidivism although he might continue to be a threat from abroad. J.A. 5314.

21

guidelines calculation is only "a starting point" to be considered in the variance analysis and that Hammoud had obstructed justice by testifying falsely at trial, J.A. 5315; see 18 U.S.C. § 3553(a)(4);[11] (5) "pertinent policy statements" from the Sentencing Commission, i.e., Congress's "policy choice in giving a terrorism enhancement for a greater criminal history even when the specific defendant has no criminal history," J.A. 5316; see 18 U.S.C. § 3553(a)(5); and (6) the "need to provide restitution" to any victims, J.A. 5317; see 18 U.S.C. § 3553(a)(7). Neither party has demonstrated that the district court clearly erred in making its findings under each of these factors.

Though it raises the most concern for the parties here, we discern no error in the district court's consideration of § 3553(a)(6). Explicitly recognizing that the need to avoid unwarranted sentencing disparities among defendants with similar records should not be given "extraordinary weight," the district court considered this factor along with its consideration of the

---

[11] Indeed, demonstrating that the district court understood the sensitive line between recalculating the guidelines sentence and considering new evidence, specifically, and in considering a variance sentence, in general, the district court appropriately noted that it was not considering the Government's prior arguments that Hammoud "threatened a prosecutor and threatened to destroy evidence" but did find itself bound by the obstruction enhancement because Hammoud testified falsely at trial. J.A. 5315.

22

other factors. J.A. 5316; cf. Abu Ali, 528 F.3d at 262-67 (holding that the district court erred when its consideration of § 3553(a)(6) "served as the driving force behind its ultimate determination"); United States v. Khan, 461 F.3d 477, 500-01 (4th Cir. 2006) (holding that the district court erred when it placed "'excessive weight'" on § 3553(a)(6)). The district court appropriately considered cases "in which the defendant [likewise] went to trial" and "was convicted by a jury of a terrorism . . . offense, particularly under Section 2339," and then concluded that "in examining cases that fall within those parameters," Hammoud's [original] sentence "appear[ed] grossly disproportionate." J.A. 5316-17; cf. Abu Ali, 528 F.3d at 262-67 (holding that the district court erred when it compared Abu Ali to defendant who pled guilty and whose conduct underlying crimes of conviction was different in "substance and scope" and improperly compared Abu Ali with others, "overlook[ing]" "unrealized harm" and differences in the "serious[ness] and significan[ce of] steps" taken and in the "infliction of harm"); Khan, 461 F.3d at 500-01 (holding that the district court erred when it considered defendant who pled guilty similarly situated to defendant who went to trial). In its sentencing memorandum, the district court cited to nine cases with brief explanations of the defendants' convictions and sentences that it considered within these parameters. See J.A. 6499, 6501-02. The district

23

court then concluded that, in the cases cited by the parties, no defendant "received a sentence in excess of 1800 months," "life imprisonment was ordered [in] cases of violence," and lighter sentences compared to Hammoud's [original] sentence were imposed in cases "in which violence or mass physical carnage was possible." J.A. 5316-17.

Consideration of a "vast summary of cases," J.A. 5317, allowed the district court to reach these few broad conclusions en route to imposing a sentence sufficient but not greater than necessary to comport with the purposes of sentencing. The district court, focused on individually assessing the facts of Hammoud's case, had no obligation to, as Hammoud argues, "explain why [his] sentence is 2.2 times greater than the average for all terrorism cases and four times the average for all financing cases." Hammoud's Br. 38. Rather, the district court appropriately used a certain subset of cases to conclude that a 155 year sentence was "grossly disproportionate" and "reviewed the vast majority of cases and applicable sentences" to reach certain other summary conclusions. J.A. 5317. In this way, the district court, considering § 3553(a)(6) among the other factors, balanced an individual assessment in the case before it with a broad review of cited cases to ensure that Hammoud's sentence would not result in "unwarranted sentence

24

disparities among defendants with similar records who have been found guilty of similar conduct."[12] 18 U.S.C. § 3553(a)(6).

Given the justifications provided by the district court, we are loath to find fault with the result reached. We agree with the observation made by the First Circuit that there is "a range of reasonable sentences," and that an appellate court should only reverse if the "sentencing court's ultimate determination falls outside the expansive boundaries of that universe." United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). The district court's determination has not so fallen here. In short, considering the totality of the circumstances, the district court, in a superior position, particularly given the history of this challenging case, explained the variance with sufficiently compelling justifications under the § 3553(a) factors.

---

[12] We are likewise unpersuaded by Hammoud's other disproportionality arguments, including his specific attack under § 3553(a)(6), largely because he implicitly urges us to disregard the totality of his convictions beyond his violation of § 2339B. See, e.g., Hammoud's Br. 45-46 ("Donation of a few thousand dollars cannot justify three times the applicable statutory maximum for Section 2339B, and it distorts the statutory scheme."). Furthermore, we "ha[ve] held that 'proportionality review [under the Eighth Amendment's cruel and unusual punishment clause] is not available for any sentence less than life imprisonment without the possibility of parole.'" United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009) (quoting United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001)).

III.

Having found no reversible error, we affirm the judgment of the district court.

AFFIRMED